### UNITED STATES DISTRICT COURT
### MIDDLE DISTRICT OF FLORIDA
#### ORLANDO DIVISION

ROLAND HYPPOLITE,

        Plaintiff,

v.                                 Case No:   6:23-cv-2323-ACC-LHP

SLAM TRUCKING, LLC,

        Defendant

_____

### SUPPLEMENTAL BRIEFING ORDER

This cause comes before the Court on review of the parties' Joint Motion to Review and Approve Settlement Agreement.   Doc. No. 36.   Upon review, the Court requires further information from the parties to resolve the motion, as more fully set forth below.   Accordingly, it is **ORDERED** that within **fourteen (14) days** of the date of this Order, the parties shall file a joint supplemental brief, addressing:

1.      The amount allocated between unpaid wages and liquidated damages. The present motion merely states that Plaintiff will receive "$12,000.00, representing backpay, liquidated damages and costs," without further elaboration, Doc. No. 36, at 3, and the FLSA Settlement Agreement and Release, Doc. No. 36-1 ¶ 1(a), sheds no light on this issue.   *See, e.g.*, *Vela v.*

*Sunnygrove Landscape & Irrigation Maint., LLC*, No. 2:18-cv-165-FtM-38MRM, 2018 WL 8576383, at *1 (M.D. Fla. Sept. 19, 2018) ("For this Court to approve any proposed settlement, the parties must directly address the issue of liquidated damages.   Otherwise, the Court can only speculate as to the parties' intentions.").

2.      The propriety of the provision in the release stating: "Hyppolite further agrees that he will not permit himself to be a member of any potential or future class, collective, or group seeking relief against the Company or any of the Released Parties in any matter for Misclassification Claims arising under federal or state law."   Doc. No. 36-1 ¶ 3.   The parties must provide legal authority demonstrating that such release is permissible.   *Cf. Gomez v. Hays Worldwide Studios, Inc.*, No. 6:22-cv-988-CEM-LHP, 2023 WL 1765647, at *2 (M.D. Fla. Feb. 3, 2023) ("[T]he parties do not explain the propriety of Plaintiff's . . . waiver of her right to participate in any collective or certified class action in which any Releasee in the Agreement is a party. Undoubtedly, this provision extends beyond the FLSA wage claims asserted in the complaint." (record citation omitted)).   Alternatively, the parties may state their agreement that this provision should be severed from the agreement pursuant to the severability clause.   *See* Doc. No. 36-1 ¶ 6.

3.     The propriety of the provision in the agreement stating: "This Agreement can be modified or amended only in a writing signed by all Parties."   Doc. No. 36-1 ¶ 7.   *Cf. Dumas v. 1 ABLE REALTY, LLC*, No. 6:17-cv-765-Orl-37KRS, 2018 WL 5020134, at *3 (M.D. Fla. Mar. 9, 2018) ("A court cannot find an agreement to be fair and reasonable unless it is in final form, with no opportunity for amendment.   To hold otherwise would leave the parties free to circumvent *Lynn's Food* review through post hoc modifications of an already-approved agreement.").   Alternatively, the parties may state their agreement that this provision should be severed from the agreement pursuant to the severability clause.   *See* Doc. No. 36-1 ¶ 6.

4.     Failure to timely file a supplemental briefing addressing each of these issues will result in the Court denying without prejudice the parties' motion (Doc. No. 36).

**DONE** and **ORDERED** in Orlando, Florida on July 16, 2024.

LESLIE HOFFMAN PRICE
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Counsel of Record
Unrepresented Parties

- 3 -